UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERESA GOLDEN,

    Plaintiff,

v.                                                                              CASE NO.: 6:23-cv-00610

SEDGWICK CLAIMS MANAGEMENT
SERVICES INC., a Florida for Profit                     **JURY TRIAL DEMANDED**
Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, TERESA GOLDEN ("Plaintiff"), by and through the undersigned counsel, and sues Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., ("Defendant"), and in support states as follows:

**Jurisdiction and Venue**

1. This is an action for damages by Plaintiff, against her former employer for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). This Court has jurisdiction over Plaintiff's FLSA claims, pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiff's claims, Defendant has conducted substantial, continuous, and systematic commercial activities in this district.

**Parties and Factual Allegations**

3. Plaintiff, TERESA GOLDEN, was employed by Defendant from July 2017, through on or around February 19, 2021, was paid a salary, and held the title of "Benefits Liaison." Plaintiff Golden tracked and reported trends and issues in the processing of claims for specific clients of Sedgwick, provided customer service, compiled reports, sent emails, and helped process claims which required the gathering of documentation to input mandatory information into forms and applications.

4. Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e).

5. Plaintiff was not exempt under any exemption under the FLSA.

6. Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., a Foreign for Profit Corporation, operates a business located in, among other locations, Seminole County, Florida.

7. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

8. Defendant is an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

9. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff and exercised control over the wages, hours, and working conditions of Plaintiff.

10. On a frequent basis throughout Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times her regular rate of pay.

11. At all relevant times Plaintiff worked in excess of forty (40) hours per week, Defendant was aware of, and suffered or permitted the same.

12. Defendant classified Plaintiff as salaried exempt knowing and/or showing reckless disregard for whether its conduct was prohibited by the FLSA.

13. Plaintiff sustained damages from Defendant's failure to pay overtime compensation.

14. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

## COUNT I
## Violation of the Overtime Provisions
## of the Fair Labor Standards Act

15. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 14 above, as if fully set forth herein.

16. Plaintiff is and/or was an employee of Defendant as defined by 29 U.S.C. § 203(e).

17. Plaintiff was not exempt under any exemption pursuant to 29 U.S.C. § 213.

18. Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

19. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

20. During the relevant statutory period, Plaintiff regularly worked in excess of forty (40) hours per week, averaging sixty-five (65) hours per work week during the relevant lookback period.

21. Defendant failed to pay Plaintiff the required overtime rate, one-and-one-half times her regular rate, for all hours worked in excess of forty (40) hours per week.

22. Defendant willfully failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), even though Plaintiff was entitled to overtime compensation.

23. Defendant's failure to pay the required overtime rate was willful and/or the result of a common policy or plan that Plaintiff was subjected to, which resulted in Plaintiff not being paid one-and-one-half times her regular rate for all hours worked in excess of forty (40) hours per week.

24. Due to Defendant's willful violation of the FLSA, a three (3) year statute of limitation applies.

25. As a result of Defendant's violations of the FLSA, Plaintiff suffered damages.

26. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees for its services.

**WHEREFORE** Plaintiff demands judgment against Defendant for the following:

A. Unpaid overtime proven to be due and owing;

B. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

C. Pre- and post-judgment interest as allowed by law;

D. Attorneys' fees and costs; and

E. Such other relief as the Court finds just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on this 3rd day of April 2023.

*/s/ David V. Barszcz, Esq.*
**Mary E. Lytle, Esquire**
Florida Bar No.: 0007950
**David V. Barszcz, Esquire**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ**
533 Versailles Drive, 2nd Floor
Maitland, Florida 32751

Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**