UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERESA GOLDEN,

    Plaintiff,

v.      Case No: 6:23-cv-610-RBD-LHP

SEDGWICK CLAIMS
MANAGEMENT SERVICES, INC.,

    Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE (Doc. No. 23)**
>
> **FILED:** August 2, 2023
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff Teresa Golden instituted this action by complaint filed on April 3, 2023, alleging a single claim for failure to pay overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Doc. No. 1. Defendant has answered the

complaint. Doc. No. 20. On August 2, 2023, the parties notified the Court that they had reached a settlement. Doc. No. 22. Now before the Court is the parties' Joint Motion to Approve Settlement Agreement and Stipulation of Dismissal with Prejudice, in which the parties ask the Court to approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 23. Upon filing the motion, the parties consented to the exercise of jurisdiction by a United States Magistrate Judge for purposes of considering the motion and the relief requested therein. Doc. No. 24. The presiding District Judge has approved that consent. Doc. No. 25.

Because the proposed settlement involves a compromise of Plaintiff's claims, *see* Doc. Nos. 21, 23-1, it is incumbent on the Court to review the reasonableness of the proposed settlement. *See Lynn's Food Stores,* 679 F.2d 1350. Having reviewed the same, the Court finds that the proposed settlement represents a reasonable compromise regarding a bona fide dispute between the parties. *See* Doc. No. 23-1. The Court further finds that the agreed-upon fees and costs to be paid to Plaintiff's counsel were determined independently, did not affect the payment to be made to Plaintiff, and otherwise appear to be reasonable. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). And the Court notes the parties' representations in their motion that no other agreements exist that have not been disclosed to the Court that in any way relate to this action or contain a release of

non-FLSA claims, a confidentiality provision, or a non-disparagement provision. Doc. No. 23, at 5.

However, there is one provision in the agreement that the Court declines to enforce. Specifically, the agreement contains the following provision: "The Parties expressly agree that the court shall retain jurisdiction for the purpose of enforcing this Agreement." *See* Doc. No. 23-1 ¶ 9. The parties do not address the propriety of this provision in the joint motion. Doc. No. 23. Courts in this District, however, routinely deny requests to retain jurisdiction over FLSA settlement agreements. *See Eiland v. U.S. Walls, LLC*, No. 6:13-cv-1237-Orl-40GJK, 2015 WL 478372, at *5 (M.D. Fla. Feb. 4, 2015) (and cases cited therein). Accordingly, pursuant to the severability clause, Doc. No. 23-1 ¶ 11.3, the Court severs this provision from the agreement.

Accordingly, the Joint Motion to Approve Settlement Agreement and Stipulation of Dismissal with Prejudice (Doc. No. 23) is **GRANTED**. The parties' FLSA Settlement and Release Agreement (Doc. No. 23-1), as modified to sever the retention of jurisdiction provision, is **APPROVED**. This case is **DISMISSED with prejudice**, and the Clerk of Court is directed to close the file.

- 4 -

**DONE** and **ORDERED** in Orlando, Florida on August 8, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties